**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TREMAIN VERNON JONES,

                Petitioner,                Case Number: 2:12-CV-12541

v.                                       HONORABLE STEPHEN J. MURPHY, III

DAVID S. ROBINSON, JR., et al.,

                Respondent.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

This is a pro se prisoner civil rights case.  Tremain Vernon Jones asserts claims under 42 U.S.C. § 1983.  Jones is presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan.  He names thirty-five defendants: seven judges and a magistrate judge with the 36th District Court (Judges Robinson, Jones-Bradley, Bright, Bledsoe-Ford, Coleman, Chatman, and Lockhart); Judge Gregory D. Bill (Wayne County Circuit Court); Wayne County Prosecutor Kym L. Worthy; five assistant Wayne County prosecutors (Jansen, Weingarden, Moody, Sinutko, and Capling); six attorneys (Gagniuk, Olsavsky, Parker, Cook, Tuddles, and Sacks); five police officers (Parra, Stopzynsky, Decker, Mendoza, and McGowan); two witnesses in Jones's criminal trial (Thomas and Thompson); 36th District Court; Wayne County Circuit Court; Detroit Police Department; Michigan State Police Department; Wayne County Sheriff's Department; Detroit Mayor Dave Bing; Detroit Police Chief Ralph Godbee, Jr.; and Wayne County Sheriff Benny Napoleon.

Jones's complaint relates to his August 23, 2005 arrest, subsequent police

interrogation, prosecution, and medical care provided while in custody.  He alleges that police lacked probable cause to arrest him, used excessive force in arresting him and assaulted him during the custodial interrogation.  Jones claims that defendant prosecutors unlawfully pursued a criminal prosecution against him and that his several defense attorneys provided ineffective assistance.  Jones further argues that defendants failed to provide him with medical care after police assaulted him and that, during the custodial interrogation and his subsequent incarceration, he was not provided necessary anti-seizure medication.

## I.  STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (*quoting Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

Jones has been granted leave to proceed without prepayment of the filing fee for this

2

action due to his indigence.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).  A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

## II. DISCUSSION

A.   <u>Judicial Immunity</u>

Among the thirty-seven defendants named in this suit are six 36th District Court Judges, one 36th District Court Magistrate Judge, and one Wayne County Circuit Court Judge.  Jones argues that each of these judges acted improperly in issuing arrest warrants, binding Jones over for trial, permitting invalid criminal charges to proceed and/or permitting prosecutors to proceed with fraudulent charges.

3

Judicial officers have long enjoyed absolute judicial immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 364 (1978).  In addition, "[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer."  *Coleman v. Governor of Michigan*, 413 F. App'x 866,  873 (6th Cir. 2011).  Thus, Judges Robinson, Jones-Bradley, Bright, Bledsoe-Ford, Coleman, Chatman, Lockhart, and Bill are immune from suit under § 1983.

B.    Prosecutorial Immunity

Jones claims that Wayne County Prosecutor Kym Worthy and five assistant prosecutors improperly proceeded with criminal charges against him even though they were aware that a criminal complaint had not been filed.  In addition, Jones alleges that these defendants, without provocation, filed fraudulent information in the circuit court alleging that Jones committed the crimes in the arrest warrant.

The common law principle of absolute immunity for prosecutors applies to claims filed under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).  Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case."  *Id.* at 431.  In contrast, when a prosecutor "functions as an administrator" or an investigator "'rather than as an officer of the court' he is entitled only to qualified immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (*citing Imbler*, 424 U.S. at 431 n. 33).  Jones's allegations concern conduct related to initiating a prosecution and presenting the State's case.  Therefore, Jones fails to state a claim upon which relief may be granted with respect to defendants Worthy,

4

Jansen, Weingarden, Moody, Sinutko, and Capling.

      C.    <u>Defense Attorneys</u>

      Next, Jones claims that six defense attorneys who represented him during the criminal trial or appellate proceedings were ineffective. Attorneys representing clients in criminal actions do not act under color of state law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Floyd v. County of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding."). Thus, defendants Gagniuk, Olsavsky, Parker, Cook, Tuddles, and Sacks were not acting under color of state law in representing Jones and will be dismissed.

      D.    <u>Eleventh Amendment Immunity</u>

      Jones names as defendants in this action the 36th District Court, Wayne County Circuit Court, and Michigan State Police. The Eleventh Amendment bars civil rights actions against a state, its agencies and departments, and state officials sued in their official capacities unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Consequently, neither a state, a state

agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *Will*, 491 U.S. at 66-71. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). The Michigan State Police Department, the 36th District Court, and Wayne County Circuit Court are state agencies immune from suit under § 1983.

### E.   Complainants in Criminal Case

Jones also names as defendants Dallas Thomas and Maurice Thompson. Thomas and Thompson were the complainants in Jones's criminal trial. A private party may be held liable under § 1983 only if the party "acted corruptly in concert with state officials." *Dallas v. Holmes*, 137 F. App'x 746, 751 (6th Cir. 2005). Jones's general claims of corruption, with no specific allegations as to any actions taken by Thomas or Thompson fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Tahfs v. Proctor,* 316 F.3d 584, 590-91 (6th Cir. 2003).

### F.   Allegations Against Supervisors

Jones's claims against Defendants Ralph Godbee, Jr., Dave Bing, and Benny Napoleon are based upon allegations that they failed to supervise their subordinates. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the

6

unconstitutional conduct . . . ."  *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).  In this case, Jones fails to allege any specific conduct by either of these defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct.  Accordingly, Jones fails to state a claim against Defendants Godbee, Bing, and Napoleon.

  G. <u>Wayne County Sheriff's Department</u>

   Finally, Jones's claims against the Wayne County Sheriff's Department must be dismissed because the Sheriff's Department is not a legal entity subject to suit under 42 U.S.C. § 1983.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Motley v. McCaffrey*, No. 09-CV-12119, 2009 WL 1658045, *2 (E.D. Mich. June 10, 2009) (citing cases).

III. <u>Conclusion</u>

   For the foregoing reasons, Jones fails to state a claim upon which relief may be granted against Defendants Robinson, Jr., Lockhart, Jones-Bradley, Bright, Bledsoe-Ford, Coleman, Chatman, Bill, Worthy, Jansen, Weingarden, Moody, Sinutko, Capling, Gagniuk, Olsavsky, Parker, Cook Tuddles, Sacks, Thomas, Thompson, 36th District Court, Wayne County Circuit Court, Michigan State Police, Godbee, Bing, Napoleon, and Wayne County Sheriff's Department and  it is **ORDERED** that they are **DISMISSED FROM THIS ACTION**.

   The Court finds that service of the Complaint is appropriate on the remaining Defendants.  Therefore, the Court **DIRECTS** that a copy of Jones's Complaint and a copy of this Order be served upon the remaining defendants by the United States Marshal without prepayment of costs.

7

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 13, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

8