UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAIN VERNON JONES,

    Plaintiff,

v.

ALEJANDRO PARRA, et al.,

    Defendants.
                                        /

Case No. 12-cv-12541

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT & RECOMMENDATION** (docket no. 17)
**AND GRANTING MOTION FOR SUMMARY JUDGMENT** (docket no. 12)

In this matter, pro se plaintiff Tremain Vernon Jones brings claims under 42 U.S.C. § 1983, state tort law, and a civil RICO claim, 18 U.S.C. § 1861. Jones named thirty-five defendants in his Complaint. *See* Compl., ECF No. 1. In an order dated August 13, 2012, this Court dismissed all defendants except for the Detroit Police Department, and police officers Alejandro Parra, Gregory Stopzynsky, Eric Decker, Owen McGowan, and Benito Mendoza. Order of Partial Dismissal, ECF No. 6. The Detroit Police Department and Mendoza filed a motion for summary judgment, arguing that Jones's claims must be dismissed as time-barred. *See* ECF No. 12. This Court referred the motion, and all pretrial matters, to a magistrate judge for resolution. Order Referring Pretrial Matters, ECF No. 13. On April 4, 2013, the magistrate judge issued a Report & Recommendation ("Report"), in which he recommends the Court construe the motion for summary judgment as a motion to dismiss and grant it.

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report, filed within fourteen days of service, are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Jones timely filed three objections which are before the Court for review.

## DISCUSSION

I. <u>The Report</u>

Mendoza and the DPD filed the instant motion as a motion for summary judgment. Because the only argument raised was a statute-of-limitations defense that may properly be raised in a Civil Rule 12(b)(6) motion to dismiss, the magistrate judge construed the motion for summary judgment as a motion to dismiss and found it timely filed. *See* Report 15-16.

In a careful review of Jones's complaint, the magistrate judge found that Jones brought claims against the defendant officers and the DPD for (1) state-law torts arising out of his August 23, 2005 arrest and detention; (2) § 1983 claims for the use of excessive force and denial of medical care based on his treatment in the days following that arrest; (3) a First Amendment retaliation claim; and (4) a RICO claim. *See* Report 8-11. The statute of limitations for the state-law torts and § 1983 claims is three years from the date the plaintiff knows or has reason to know that the act providing the basis of his injury occurred. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) ("[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."); *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) ("In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights") (citation omitted). The statute of limitations for Jones's RICO claim is four years. *Sims v. Ohio Cas. Ins. Co.*, 151 F. App'x 433, 435 (6th Cir. 2005)

("The Supreme Court has imposed a four-year statute of limitations on RICO claims."). The most recent action forming a basis of Jones's complaint took place on January 24, 2007, but Jones did not file his complaint until June 12, 2012. *See* Compl. The magistrate judge found that Jones knew or had reason to know of the actions underlying his causes of action since January 24, 2007 at the latest, and therefore, every cause of action brought is time barred.

II.     Jones's Objections

Jones raises three objections. In his first and second objections, Jones contends that the magistrate judge should not have construed the motion for summary judgment as a motion to dismiss and found it timely.

Jones first objects that the defendants were required to file an answer either admitting or denying the allegations in the complaint, and could not respond solely with a motion asserting a statute of limitations defense. *See* Objections 2 ("The magistrate judge failed to point out that Mendoza and DPD neither admitted or denied the claims asserted in Plaintiff's Complaint, and only went to their defense as a ruse to cover up the wayward conduct described by the Plaintiff in his Complaint."). But, as the magistrate judge noted, a motion to dismiss may be filed in lieu of an answer, and a statute-of-limitations defense may be raised in a motion to dismiss. *See Reid v. Baker*, No. 11-5473, 2012 WL 3893122, 4 (6th Cir. Sept. 7, 2012) ("A defendant may raise a statute of limitations defense in the context of a Rule 12(b)(6) motion to dismiss."); *see also* Fed. R. Civ. P. 12(b)(6) ("A motion asserting [a Civil Rule 12(b)(6) defense] must be made before pleading if a responsive pleading is allowed."). The Court will overrule this objection.

Jones next objects that the magistrate judge's conclusion that the motion was timely violated his constitutional rights. Jones appears to contend that because the motion did not

3

respond directly to the allegations in the complaint, it was untimely. *See* Report 3 ("[N]either of the defendants have defended against or otherwise answered to the claims asserted in Plaintiff's complaint. Accordingly [the] motion for summary judgment remains untimely . . . ."). As set forth above, the defendants' motion was an appropriate response to the complaint. And, the magistrate judge properly determined that the motion was timely. *See* Fed. R. Civ. P. 12(a)(1)(ii) (a responsive pleading is due within 60 days after a request for waiver is sent). The request for waiver in this case issued on November 21, 2012; the defendants filed their motion on January 14, 2013, fewer than 60 days later. The Court will overrule this objection.

Finally Jones objects that his state-law and constitutional claims are not time-barred because he lacked the legal training to know that defendants' actions violated his rights. *See* Objections 4 ("[B]ecause Plaintiff is not an attorney, nor has he been trained or schooled in the law, how could he have known what his rights were and what injuries he suffered . . . ."). Here too the legal standard applied by the magistrate judge was correct. To the extent Jones's claims arise from the use of force or denial of medication, he was aware of the actions at the time the events took place. *Cooey*, 479 F.3d at 416 ("[T]he statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred."). To the extent Jones's claims arise from actions that occurred at any court hearings up to and including his January 24, 2007 motion to remove appellate counsel, Jones was also present for and aware of those events at the time they occurred, and the nature of the events alleged was sufficient to "alert[] the typical lay person to protect his or her rights." *Id.* For example, Jones would not need legal training to recognize, as he contends occurred at his March 20, 2006 preliminary examination, that an officer falsely testified that he confessed. The Court

is satisfied that the magistrate judge properly determined that the statute of limitations for Jones's causes of action has expired.

Because the reasons for finding Jones's claims time-barred apply equally to Jones's causes of action against all of the remaining defendants, the Court will dismiss the complaint in its entirety.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report & Recommendation (docket no. 17) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment (docket no. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 29, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager